SEXTON, Judge.
The defendant was charged by bill of information with theft of property with a value of more than $500 in violation of LSA-R.S. 14:67. After a bench trial, defendant was found guilty as charged and sentenced to six years imprisonment at hard labor. Defendant appeals his convic *950 tion on the basis of three assignments of error. We affirm.

Facts

On May 24, 1984, around 12:15 a.m., the attention of two officers of the Monroe Police Department was focused on the used car lot of Ryan’s Chevrolet in Monroe, Louisiana. These officers, in separate patrol units, independently observed a pickup truck which had stopped in the street in front of the automobile dealership. The officers watched a man get out of the pickup truck and enter the used car lot. The officers then observed the man leave the used car lot carrying two automobile T-tops. Although neither officer actually saw the defendant remove the T-tops from a vehicle, both officers testified that they saw the defendant cross over the guard rail surrounding the lot with two T-tops in his hands. After observing the defendant run to the pickup truck with the T-tops, the officers converged on the pickup truck and arrested the defendant and the driver of the truck.
After the two subjects were detained, the officers noticed that a 1979 maroon Corvette parked on the lot had a window smashed out and that the T-tops of this vehicle were missing. The defendant was advised of his Miranda rights at the scene and was then taken to the police station. Later, at the police station, defendant gave a statement to the police in which he admitted breaking the window of the Corvette earlier that evening.

Assignment No. 1

Admissibility of Inculpatory Statement

By this assignment, defendant contends that the trial court erred in allowing the introduction of a statement allegedly made by the defendant when the defendant had not been informed of his constitutional rights prior to the statement being made. However, defendant does not argue this point in brief before us. As we appreciate it, defendant contends in brief that the statement should not be admitted because defendant did not receive sufficient and proper notice of the state’s intent to introduce such statement at trial, as required by LSA-C.Cr.P. Arts. 716 and 768.-
Defendant argues that the state’s response that defendant’s statement was made at the scene of the crime does not authorize the admission of defendant’s statement actually made at the police station. Therefore, defendant's basic contention is that he was unfairly surprised by the statement introduced at trial because the state’s response incorrectly stated the place where the statement was made. As such, defendant contends he was not prepared to defend against the statement introduced at trial and contends that the statement should not have been admitted.
Originally, defendant filed a motion for discovery, requesting the state to inform defendant of all written and oral inculpato-ry statements made by the defendant which the state intended to introduce into evidence at trial. The state answered defendant’s discovery request, stating that its answer served not only as its response to defendant’s discovery request, but also its required Article 768 notice.
The state replied that it intended to introduce into evidence oral statements made by the defendant described as follows:
Defendant Barry Brown stated to Officers K. Black and H. Otwell, Monroe Police Department, immediately following his arrest by those officers at 12:15 a.m. on May 24, 1984 in the vicinity of Ryan Chevrolet, 1101 Oliver Road, Monroe, Louisiana, that he had earlier in the night broken the window glass of the Chevrolet Corvette automobile from which he had stolen the T-top, and that he had then returned to get the T-top of this automobile, which T-top was recovered from the pickup truck in which defendant Brown was arrested as he attempted to flee the scene of the theft.
LSA-C.Cr.P. Art. 768 provides that, unless the defendant has been granted pretrial discovery, if the state intends to intro-. duce a confession or inculpatory statement in evidence, it shall so advise the defendant *951 in writing prior to beginning the state’s opening statement. If the state fails to do so, the confession or inculpatory statement sought to be introduced shall not be admissible in evidence. In addition, LSA-C.Cr.P. Art. 716 provides for the discovery by the defendant of the existence, but not the contents of, any oral confession or statement intended to be used by the state, including information as to when, where, and to whom the confession or statement was made.
The purpose of Articles 716 and 768 is to prevent unfair surprise and to allow a defendant adequate time for the preparation of a defense. State v. Russell, 416 So.2d 1283 (La.1982), cert. den. 459 U.S. 974, 103 S.Ct. 309, 74 L.Ed.2d 288 (1982); State v. Jackson, 450 So.2d 621 (La.1984). The failure to follow the notice requirements with respect to statements does not require reversal when those requirements are not followed to the letter if the defendant has not been prejudiced. LSA-C.Cr.P. Art. 921. State v. Thomason, 353 So.2d 235 (La.1977); State v. Qualls, 353 So.2d 978 (La.1977).
While the state’s discovery response may be read to be inaccurate with respect to the location the statement was made, the defense has not indicated that it was surprised nor has it shown any prejudice which resulted to the defendant. Our review of the record reveals none. This assignment is therefore without merit.

Assignment No. 2

The Best Evidence Rule

Here the defendant contends the trial court violated the best evidence rule, contained in LSA-R.S. 15:436 when it allowed introduction of testimony concerning the theft of the automobile T-tops when the state did not introduce either the actual T-tops themselves or photographs thereof. Defendant further argues that this failure raises a sufficiency of evidence claim per Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a contention which will be addressed with respect to Assignment of Error No. 3.
Initially, we note that the defendant failed to make any objection at trial regarding the state’s failure to produce the actual T-tops themselves or photographs of them. There being no contemporaneous objection during the trial, this issue may not be properly raised on appeal. LSA-C.Cr.P. Art. 841; State v. Green, 448 So.2d 782 (La.App. 2d Cir.1984).
Parenthetically, however, we note that LSA-R.S. 15:436, provides that the best evidence which from the nature of the case must be supposed to exist, and which is within a party’s control, must be produced. Here, there is no showing that photographs of the T-tops were ever taken. Further, considering that the T-tops were a component part of a product moving in the stream of commerce, it is quite likely that the T-tops were not available to the state at the time of trial. Thus, it appears that the state did not have the T-tops or photographs thereof within its control at the time of trial. The record contains direct evidence that the defendant took the T-tops in the form of the testimony of the two patrol officers. The contention made here addresses itself to the weight to be given to this testimony rather than the admissibility thereof. We find no violation of LSA-R.S. 15:436. See State v. Alderman, 285 So.2d 193 (La.1973). This assignment of error is without merit.

Assignment No. 3

Sufficiency of Evidence

By this assignment, and defendant’s alternative argument with respect to Assignment No. 2, defendant contends that the evidence was insufficient to support a conviction of theft of property valued over $500, because neither the T-tops, nor photographs of them were ever introduced into evidence, relying on Jackson v. Virginia, supra.
The defendant removed the T-tops from the used car lot of Ryan Chevrolet in the full view of two separate police officers *952 located in separate patrol cars. Charles Perkins, the used car lot manager at Ryan’s Chevrolet, testified that one of the vehicles which he examined in the early morning hours on May 24, 1984, after defendant was arrested, was the 1979 maroon Corvette, which the officers discovered had been broken into. Perkins testified that this car was located on the lot, and that when he had left the lot at 7 o’clock p.m. that evening, the car still had the T-tops and the window had not been smashed in. Perkins also stated that the defendant did not have permission to be on the lot. Perkins, a car salesman for thirteen years, also testified that the value of the T-tops was approximately $1,000. We find his testimony sufficient to establish both the ownership and the value of the stolen T-tops.*
In addition to the foregoing evidence, the state introduced a sworn affidavit signed by the defendant which he gave the attorney for defendant’s accomplice. In the affidavit, defendant confessed to stealing the T-tops, and stated that his accomplice, the driver of the truck, was not involved in the theft in any manner. Also, the state introduced the defendant’s incul-patory statement to the investigating officers at the police station which formed the basis of Assignment of Error No. 1, previously discussed.
All of the foregoing evidence, when viewed in the light most favorable for the prosecution, is sufficient for a rational fact finder to conclude that the essential elements of the crime of theft were proven beyond a reasonable doubt. Jackson v. Virginia, supra.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

 We have previously dealt with defendant’s argument that the actual T-tops themselves or photographs thereof were required in discussing Assignment of Error No. 2. Furthermore, we are aware of no authority which requires the state, as part of its burden of proof in a theft prosecution, to introduce into evidence the items that were the object of the theft or photographs of those items. While it might have been useful to introduce either of these items, we find that as previously discussed, any such failure pertains to the weight of the evidence and is an issue for the finder of fact. Further, Perkins’ testimony as to the value of the T-tops was sufficient to establish their value. The testimony as to the value of a stolen item by one who is familiar with the stolen item is sufficient to establish its value for purposes of determining the grade of theft involved. State v. Dilworth, 358 So.2d 1254 (La.1978).