496 So.2d 1197 (1986)
STATE of Louisiana
v.
Barry T. DAVIS.
No. 86-KA-223.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
*1198 John M. Mamoulides, Dist. Atty., Jo Ellen McMillen, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee; Louise Korns, of counsel, Office of the Dist. Atty.
John H. Craft, Staff Appellate Counsel, Gretna, for defendant-appellant.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
KLIEBERT, Judge.
Defendant, Barry T. Davis, was charged with and convicted by a twelve-person jury of attempted aggravated rape (La.R.S. 14:27:42) and was sentenced to twenty-one years at hard labor. Defendant urges four assignments of error: (1) the evidence in support of the conviction is insufficient; (2) the sentence imposed is excessive; (3) the trial judge failed to comply with the requirements of La.C.Cr.P. art. 894.1; and (4) any errors patent. We affirm the conviction and sentence.
At approximately 2:30 a.m. on April 15, 1984, seventeen-year-old Stacey Gurtner, while retrieving a shirt from a car parked in the driveway of her parents' residence, was grabbed from behind by an assailant who held one hand over her mouth and a knife to her face, cutting her left cheek slightly. The assailant instructed Gurtner to cooperate "so he wouldn't have to cut me up." After rubbing his pelvic region against Gurtner's buttocks, the assailant directed her a short distance up the street to his parked car, prodding her in the ribs with the knife. Despite persistent threats Gurtner refused to enter the car, whereupon the assailant punched her in the face. Gurtner fell to the ground and the assailant sat on her stomach and arms, continued to punch her, and shoved his arms down her blouse, grabbing her breasts and tearing her blouse in the process. Gurtner struggled free, kicked the assailant several times and ran toward her parents' residence, screaming for help. As Gurtner burst through the door she was met by her parents, who had been awakened by her screams.
Gurtner's mother called the police and, upon the arrival of Deputy Carl Quarrella, walked a short distance down the sidewalk looking for articles dropped by her daughter. She observed a blond-haired, fair complexioned man trying unsuccessfully to start a car and, realizing he was the assailant, ran back to her residence to summon Deputy Quarrella. Upon returning they discovered the subject had abandoned his car and fled on foot. Gurtner identified the car as that which the assailant tried to force her to enter.
Through further investigation Deputy Quarrella learned the abandoned car was *1199 registered to one Barry Davis. Deputy Quarrella obtained a photograph of Davis and selected four photographs of subjects with similar features from the Records and Identification Bureau. On April 17, 1984 Gurtner viewed the photographic lineup and positively identified Davis as her assailant.[1] A warrant was issued and Davis ultimately arrested on the instant charge.
In Assignment of Error No. 1 defendant contends the evidence presented by the State was not sufficient to support a conviction of attempted aggravated rape. Specifically, defendant contends that even viewed in the light most favorable to the prosecution the evidence did not demonstrate he had the specific intent to engage in anal or vaginal intercourse with the victim without her consent, an essential element of the crime of attempted aggravated rape.
In State v. Captville, 448 So.2d 676, 678-79 (La.1984), the supreme court explained the standard to be used in reviewing the sufficiency of the evidence to support a conviction as follows:
"An appellate court reviewing the sufficiency of evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime.2 As stated by this court in State v. Chism, 436 So.2d 464, 470 (La. 1983), La.R.S. 15:438 `may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, [but] it emphasizes the need for careful observance of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence.'" (Footnote Omitted)
Aggravated rape, the crime defendant was convicted of attempting to commit, is defined in part as anal or vaginal intercourse that is deemed to be without consent as the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution, or the offender is armed with a dangerous weapon. La.R.S. 14:42(A) (2) and (3). An attempt occurs when a person ".... having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly towards the accomplishing of his object...." La.R.S. 14:27.
Specific criminal intent exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10. Specific intent, being a state of mind, need not be proven as a fact; it may be inferred from the circumstances of the transaction. R.S. 15:445; State v. Fuller, 414 So.2d 306 (La. 1982). Whether specific intent existed is an ultimate legal conclusion to be resolved by the fact finders. State v. Graham, 420 So.2d 1126 (La.1982); State v. Huizar, 414 So.2d 741 (La.1982). Our task on appeal is simply to determine whether the evidence, both direct and circumstantial, when viewed in the light most favorable to the prosecution, was such that a rational trier of fact could conclude beyond a reasonable doubt that the defendant actively desired to force the victim to engage in sexual intercourse and performed an act for the purpose of and tending directly toward the accomplishment of that object. See State v. Jenkins, 456 So.2d 174 (La.App. 2nd Cir.1984) writ denied 460 So.2d 1043.
The victim testified the defendant grabbed her from behind and, while holding a knife to her face, rubbed his pelvic region against her buttocks. He forced her to walk to his car, cajoling that she was "too pretty to have to kill and he wouldn't want to do that, cut me up and everything." *1200 When the victim refused to enter the car, the defendant knocked her to the ground and, while sitting on her arms, shoved his hands down her blouse and grabbed her breasts. The attack was only halted when the victim broke away. Although the defendant did not remove her pants, the victim felt he intended to force her to engage in sexual intercourse; it was only her defensive actions which prevented sexual assault.
In closing argument to the jury, as on appeal, counsel for defendant argued the above facts were not indicative of an intent on the part of the defendant to force the victim to engage in sexual intercourse. Nevertheless the jury determined the facts were indicative of such an intent and we likewise find it difficult, if not impossible, to imagine any hypothesis under the above facts that does not include a specific intent on the part of the defendant to rape the victim. Moreover, Davis' rubbing his body against the victim's buttocks, his tearing her blouse and fondling her breasts, and his frustration and rage when she resisted him permits no other rational conclusion.
Assignments of Error No. 2 (excessive sentence), and No. 3 (failure to comply with C.Cr.P. art. 894.1) were consolidated for argument. Hence we also consider them together.
Article I, Section 20 of the Louisiana Constitution of 1974 provides in part "No law shall subject any person ... to cruel, excessive or unusual punishment..." A sentence is excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Allen, 451 So.2d 618 (La.App. 5th Cir.1984). The imposition of a sentence, although within prescribed statutory limits, may nonetheless violate a defendant's constitutional right against excessive punishment that is enforceable on appellate review. State v. Sepulvado, 359 So.2d 137 (La.1978), appeal after remand 367 So.2d 762 (La.1979).
The supreme court discussed the function of C.C.P. art. 894.1 as regards appellate review of sentences in State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982):
"Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A)(B). State v. Jones, [398 So.2d 1049 (La.1981)] supra. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La. 1980). When the trial judge fails to state any reasons for the sentence a remand may be necessary. State v. Ortego, 382 So.2d 921 (La.1980)."
See also State v. Allen, supra.
It is readily seen that the trial judge did not comply with C.Cr.P. art. 894.1 when sentencing the defendant. Merely noting that the defendant had been convicted by a jury of his peers did not constitute compliance. Nevertheless, failure to comply with C.Cr.P. art. 894.1 does not necessarily require remand for resentencing, for the supreme court noted in State v. Wimberly, 414 So.2d 666, 672 (La.1982):
"We have not as yet acted under our supervisory, administrative or rule making powers to require that sentencing judges state basic facts and reasons in every case. In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's *1201 complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1."
So long as the record clearly reflects an adequate factual basis for the sentence imposed, remand is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Barnes, 489 So.2d 402 (La.App. 5th Cir. 1986).
The maximum penalty for attempted aggravated rape is fifty years at hard labor. The sentence imposed, twenty-one years, is less than half the statutory maximum. Further, attempted aggravated rape is an extremely serious offense. The defendant violently attacked the victim, who was unknown to him and in no way provoked the attack. The victim was cut with a knife and beaten. The attack was only halted by the victim's valiant efforts at self-defense. The nature of the offense and the senseless violence displayed by the defendant indicate dangerous propensities which pose a risk to public safety.
Given the circumstances of the instant case, we find the imposition of a twenty-one year sentence to be adequately supported by the record and consequently well within the sentencing discretion of the trial judge. Similar sentences have been imposed and upheld under like circumstances. See State v. Jenkins, supra. The trial judge's failure to comply with La.C.Cr.P. art. 894.1, although not commendable, does not require remand as the record clearly supports the sentence imposed.
Finally, defendant assigns as error any and all errors patent on the face of the record. A review of the record reveals that the trial judge did not comply with La.C.Cr.P. art. 873, which provides for a twenty-four hour sentencing delay after denial of a motion for a new trial. The record does not indicate defendant waived the delay period. Nevertheless, such error is harmless as defendant has neither alleged nor shown prejudice as a result of the failure to observe the delay. See State v. Salgado, 473 So.2d 84 (La.App. 5th Cir. 1985) writ denied 478 So.2d 1233 (La.1985). We note no other errors patent on the face of the record.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Davis matched Gurtner's description of the assailant as given to Deputy Quarrella on the night of the incident.