515 So.2d 828 (1987)
STATE of Louisiana
v.
Perry M. YELVERTON a/k/a Perry M. Garland.
No. 87-KA-281.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1987.
*829 Martha E. Sassone, Indigent Defender Bd., Twenty-Fourth Judicial Dist., Gretna, for defendant-appellant.
Dorothy A. Pendergast, Asst. Dist. Atty., Office of the Dist. Atty., Twenty-Fourth Judicial District, Gretna, for plaintiff-appellee.
Before CHEHARDY, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This appeal is the result of this Court granting an out-of-time appeal concerning the sentencing of Perry M. Yelverton upon his conviction of simple robbery. Since we consider the issue precluded, the appeal is dismissed.
PROCEDURAL HISTORY
By bill of information filed April 15, 1981, Perry M. Yelverton a/k/a Perry M. Garland was charged with simple robbery. Yelverton, represented by counsel, was arraigned on May 21, 1981 and entered a plea of not guilty. After several continuances due to the absence of the defendant and/or his counsel, the matter was set for trial on January 31, 1983. On that date, the defendant, through counsel, withdrew his plea of not guilty, indicating a willingness to tender a plea of guilty to the offense charged. A plea agreement was confected, and, following the Boykin colloquy, the trial judge accepted the plea and immediately sentenced the defendant, stating:
The Court is going to sentence you to five years in confinement, suspended, but as a special condition that you serve one and one[-]half years with the Department of Corrections from the date of sentencing. From today's date you have to serve one and one[-]half years, concurrent with the remainder of your present sentence. So you have to serve one and one[-]half years from today's date. Then you will be placed on three and one[-]half years['] active probation.
The Commitment reflects that Yelverton was given credit for "time served" from March 11, 1981 to March 13, 1981 and from January 31, 1982[1] to date of transfer. On February 8, 1984, the defendant was returned to the Twenty-Fourth Judicial District Court for resentencing. However, at the request of the defendant, the matter was continued to February 22, 1984.[2] The record also reflects that Yelverton's trial counsel moved to withdraw from the case and that the trial judge granted the motion after ordering the Indigent Defender Board to appoint counsel for the rescheduled hearing. On February 22, 1984 the defendant, represented by newly appointed counsel, again appeared before the court. During this hearing the following exchange occurred:
THE COURT:
Well, we'll solve that problem real quick. I was going to re-sentence you and straighten out your record, but if don't want to do it that wayJust put a detainer on him over in Orleans and hold him over there until we see what's going to happen over there. Tell them not to release him, but bring him over here and have the re-sentencing after you *830 straighten that out over there. Take him back over.
I tried to do you a favor and straighten your record out
THE DEFENDANT:
My lawyer wasn't there last time.
THE COURT:
Well, you have a lawyer here to explain it to you. I don't need your consent to do it, anyway. But if you want to act this way, I'll just put a detainer on you, and when you get through over there, then they'll bring you over here and we'll set it on the docket.
The defendant, without having been resentenced, was remanded to Orleans Parish Prison where he was awaiting trial on simple kidnapping charges.
On March 13, 1984 the defendant was convicted in Orleans Parish on the simple kidnapping charges and, on May 24, was sentenced to three years with the Louisiana Department of Corrections. As a result of the conviction in Orleans Parish, on August 3, 1984 a Rule to Revoke Probation was filed against Yelverton. The revocation hearing was conducted on October 3, 1984, the outcome of which was that Yelverton's probation was revoked and the five-year sentence previously imposed was ordered executed. In the original revocation commitment, the defendant was not given credit for his previous incarceration.
Following the revocation, Yelverton again challenged his sentence as illegal. By writ filed with this Court, he argued that the trial court erred in determining that it previously had ruled on the issue of whether the sentence first imposed was legal. This Court agreed and remanded the matter. Following the remand, on May 2, 1986, the trial court found the sentence to be legal. Nevertheless, it amended the commitment to read that the defendant was to be incarcerated in Parish Prison, rather than in the custody of the Department of Corrections, as per the plea agreement. The defendant again sought writs. On June 6, 1986, a writ panel of this Court found "no error of law in the trial judge's ruling of May 2, 1986."
ASSIGNMENT OF ERROR
The only assignment of error in brief states that the original sentence and the amended sentence are both illegal and in violation of the defendant's rights as guaranteed by the fourteenth amendment of the United States Constitution and Louisiana Constitution article I, § 2 (1974). We note this assignment of error was specifically considered by the trial court in its May 2, 1986 "Order," which decided the sentence was valid as a suspended sentence for service of time in jail as a condition of probation. Thereafter, this Court, by writ, found no error of law in the trial court's ruling.
In our review, we are guided by the rationale of State v. Latil, 231 La. 551, 92 So.2d 63 (1956), which states:
A rule universally obtaining is that the doctrine of res judicataby which a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot thereafter be disputed between the same partiesis applicable to judgments in criminal prosecutions. See the annotations at 3 A.L.R. 519 and 147 A.L.R. 992. See, also, 15 Am.Jur. 45, Section 367, and particularly the additions thereto in the pocket supplement; 22 C.J.S., Criminal Law, §§ 223-237, p. 349; and the note at 56 L.R.A. 513. As stated by Mr. Justice Hawkins, an English jurist of great experience in the criminal law, in Reg. v. Miles, L.R. 24 Q.B.Div. 423, "Where a criminal charge has been adjudicated upon by a court having jurisdiction to hear and determine it, the adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon, and may be pleaded in bar to any subsequent prosecution for the same offense. * * * In this respect the criminal law is in unison with that which prevails in civil proceedings." Mr. Justice Holmes, quoting this statement with approval in the Oppenheimer case, supra [242 U.S. 85, 37 S.Ct. (68) 69 (61 L.Ed. 161 (1916))], adds: "The finality of a previous adjudication as to the matters determined by it is the ground of decision in Com[monwealth]. v. Evans, *831 101 Mass. 25, the criminal and civil law agreeing."
Id. 92 So.2d at 69 (emphasis supplied in Latil.) Considering these principles, our reconsideration of the legality of the sentence appears precluded, the matter having been resolved by the May 2, 1986 ruling of this Court on the defendant's application for post-conviction relief.
Additionally, in exercising our review we are admonished by La.C.Cr.P. art. 921 that "A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused." In light of this admonition, we note the defendant now asserts that his one-and-one-half-year confinement, as a condition of probation, was ordered at hard labor in violation of La.C.Cr.P. art. 895(B), which provides: "In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years." Since, however, the defendant has only just raised this contention after having served the probationary sentence, the matter appears moot. In addition, the probationary sentence was served concurrently with a hard-labor sentence already being served by the defendant at Louisiana Correctional Industrial School at DeQuincy. The defendant has not shown that the technically illegal sentence complained of actually augmented his time served and, thus, has shown no prejudice warranting action by this Court.
Finally, we note what appears to be "error patent" on the record, an ex post facto problem with the defendant's sentencing. At the time the defendant committed the robbery to which he later pled guilty, a criminal defendant could be imprisoned for up to one year as a condition of probation. At the time of sentencing, however, a defendant could be thus imprisoned for up to two years. The defendant in fact was sentenced to one-and-one-half years' confinement as a condition of probation. Under the rationale of State v. Sepulvado, 342 So.2d 630 (La.1977), the application of the amended sentencing provision to the defendant appears to effect an impermissible ex post facto application of a later criminal law to the defendant. The change in La.C. Cr.P. art. 895(B), although in form a procedural alteration, effects a substantive change in that it exposes a criminal defendant to a greater probationary punishment and "alters the situation of the accused to his disadvantage." Sepulvado at 635 and citations therein. However, the defendant has not shown how or to what extent his substantive rights have been affected. Consequently, in accord with La.C.Cr.P. art. 921, we can grant the defendant no relief, even assuming this issue is not precluded by our May 2, 1986 ruling.
For the reasons assigned, after a careful review of the record and of the prior proceedings, we conclude that we are precluded from addressing the merits of the legality of the sentence, absent a showing of any infringement on the defendant's constitutional rights.
DISMISSED.
NOTES
[1] It is not known if this date is correct or merely a typographical error since the defendant was sentenced on January 31, 1983. However, it would explain why Yelverton was released so quickly from the 1983 commitment.
[2] What prompted the resentencing is not ascertainable from the record; however, it is noted that at the time of the plea the defendant was serving time at DeQuincy, apparently for another felony. Thus, he may not have been eligible for a suspended sentence, and this may have been brought to the attention of the trial judge by the Probation Department. See La. C.Cr.P. art. 893, infra.