520 So.2d 1260 (1988)
STATE of Louisiana
v.
Isaac KING, Jr.
No. 87-KA-659.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
*1261 John M. Mamoulides, Dist. Atty., Guy Delaup, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant/appellant.
Before GRISBAUM, WICKER and GOTHARD, JJ.
WICKER, Judge.
The defendant, Isaac King (King), and two co-defendants were charged by bill of information with simple burglary in violation of L.S.A.-R.S. 14:62. The two co-defendants pled nolo contendre pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) reserving their right to appeal under State v. Crosby, 338 So.2d 584 (La.1976). Trial by a jury of six proceeded against King alone. King was found guilty as charged and later sentenced to four years at hard labor.
The procedural history is as follows: Prior to trial King and his co-defendants filed a motion to suppress evidence alleging that the evidence was not in plain view and that there was no probable cause for a stop and/or an arrest. The trial court denied the motion and writs were taken to this court. On January 12, 1987 we refused writs (No. 86H764), concluding that on the showing made we saw no reason to exercise our supervisory jurisdiction. Writs were subsequently denied by the Louisiana Supreme Court on February 13, 1987, 501 So.2d 777.
Subsequent to the denial the co-defendants entered the Alford, plea, reserving Crosby rights. The co-defendants then appealed *1262 the denial of the motion to suppress. This court, in an opinion not designated for publication, held that it was precluded from addressing the issue and stated, "our review of the defendant's brief reflect no new issues not previously raised and considered in the writ application ... Accordingly, under a rationale similar to that of State v. Yelverton a/k/a Garland, 515 So.2d 828 (La.App. 5th Cir.1987) and State v. Butler, 462 So.2d 1280, 1286-87 (La.App. 5th Cir.1985), we are precluded from addressing the question." State v. Armand and Lemieux, (Not Designated for Publication, 87-KA-344, La.App. 5th Cir., December 8, 1987), slip op. at 3.
In the present case, King's counsel again argues that the evidence seized was not in plain view and that a warrantless search was illegal.
FACTS:
The testimony at trial set forth the following facts: On May 25, 1986 at approximately 2:00 a.m., the Sonitrol Alarm Company notified the Jefferson Parish Sheriff's Office that the silent alarm at Rex Painting and Blasting, Inc. had been activated. The business consists of a brick building and a trailer. The lot upon which these structures sit is surrounded by a fence. Enroute to the business, the officers responding to the alarm were informed by Sonitrol that movement was being monitored inside the building. When the officers arrived, they secured the premises, but did not enter either structure. (It was discovered that only the trailer was burglarized). A request for a canine unit was sent. A canine search of the trailer showed that no one was inside.
Sergeant Jeff Riseden was one of the officers sent to the scene. As he approached the back of the business, with the headlights of his unit turned off, he saw a red pickup truck. Three men, one of whom was later identified as the defendant, were inside the cab of the truck. When the men noticed the unit approached, they ducked and put their heads down. Riseden and Deputy John Meeks, who arrived immediately after Riseden, and who also saw the three men duck, approached the truck. The men inside pretended to be sleeping, however, they were breathing heavily and sweating profusely. The two officers ordered the men to exit the truck and they then conducted a search of each man's person. A bulge in the defendant's pocket was found to be a trash bag containing pennies and nickels. The back of the pickup truck contained a spare tire and some rotors and motors. A glove was lying on the floorboard of the cab of the truck.
A search of the premises showed that the brick building had not been broken into. The trailer had a forced window and the dead bolt lock on the door had been broken on the inside, apparently by a kick. A glove matching the one in the truck was found inside the trailer.
Rollyn White was the purchasing agent and supervisor of Rex Painting and Blasting, Inc. She arrived on the scene a few minutes after the officers. She identified the motors, rotors and spare tire in the back of the defendant's pickup truck as belonging to the business. She also stated that some pennies and nickels had been taken from a cigar box kept inside the trailer.[1] At trial Ms. White testified that neither the defendant nor anyone else had permission or authority to be on the premises of Rex Painting on May 25, 1986. She also stated that the business did not sell the rotors, motors or tires to the defendant.
The defendant did not take the stand or present a defense.
King now assigns the following errors:
1. That the trial court erred in denying the motion to suppress the evidence;
2. Error patent;
3. Insufficiency of the evidence, and
4. That the trial court erred in allowing the state to use photographs of merchandise alleged to have been stolen as evidence instead of the actual merchandise as evidence.
MOTION TO SUPPRESS
The trial court, in denying the motion to suppress described above, gave the following reasons:

*1263 The three defendants were found by a police officer in a pickup truck next to a broken fence which surrounded a trailer in a deserted industrial area into which the police officer was called to investigate a burglary in process. After arriving on the scene, the police officer drew his gun on the defendants sitting in the cab of the pickup truck and demanded that they exit the truck. Subsequently, several other officers arrived on the scene and saw, by the light of a street lamp, some merchandise inside transparent plastic bags which were lying in open view in the uncovered bed of the pickup truck. Immediately, the police officers contacted the owner of the warehouse; and upon arriving on the scene, she identified the articles inside the plastic bags in the pickup truck as belonging to the theft victim. Consequently, the police officers, upon probable cause, arrested all three defendants on charges of simple burglary and for possession of stolen property.
This Court holds that the deputies had probable cause to stop the defendants in their pickup truck because (1) they were near a building where it had been reported that a burglary was taking place; (2) the fence beside which their vehicle was parked was broken through to the burglarized building: and (3) the area in which the defendants were found was otherwise deserted and no type of commerce was taking place.
It is the Court's further opinion that, after having had probable cause to stop the defendants, the officers legally seized the merchandise which they had seen in plain view in transparent plastic bags in the back of the open pickup truck. Therefore, the photographs of this merchandise which the State seeks to introduce into evidence are lawful and admissible.
The procedural history involving the motion to suppress evidence is similar to that in Butler, supra. In Butler, supra, the trial court granted, rather than denied, a motion to suppress and the state, rather than the defendant, filed for writs. The appellate court reversed the trial court's decision, thereby finding the evidence admissible. Thereafter, the defendant appealed to the Louisiana Supreme Court, which denied writs. Trial proceeded against the defendant and he was convicted of first degree murder and sentenced to life imprisonment. On appeal Butler again alleged that the trial court's ruling was improperly reversed. The appellate court denied relief stating:
We find no reason to disturb our ruling. The only way appellant could prevail herein would be if he had presented new evidence showing that this Court's (and the Supreme Court's) pre trial position on the admissibility was patently erroneous and produced an unjust result. This the defendant failed to do. [Citations omitted].
Id. at 1286-1287.
In Yelverton, supra, the court explained why a reconsideration of defendant's claim of illegality of his sentence was precluded by citing State v. Latil, 231 La. 551, 92 So.2d 63 (La.1956):
A rule universally obtaining is that the doctrine of res judicataby which a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot thereafter be disputed between the same partiesis applicable to judgment in criminal prosecutions. See the annotations at 3 A.L.R. 519 and 147 A.L.R. 992. See, also, 15 Am.Jur. 45, Section 367, and particularly the additions thereto in the pocket supplement; 22 C.J.S., Criminal Law, Sections 223-237, p. 349; and the note at 56 L.R.A. 513. As stated by Mr. Justice Hawkins, an English jurist of great experience in the criminal law, in Reg. v. Miles, L.R. 24 Q.B.Div. 423, "Where a criminal charge has been adjudicated upon a court having jurisdiction to hear and determine it, the adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon, and may be pleaded in bar for the same offense. * * * In this respect the criminal law is in unison with that which prevails in civil proceedings." Mr. Justice Holmes, quoting *1264 this statement with approval in the Oppenheimer case, supra [242 U.S. 85, 37 S.Ct. 69], adds: "The finality of a previous adjudication as to the matters determined by it is the ground of decision in Com[wealth]. v. Evans, 101 Mass. 25, the criminal and civil law agreeing." State v. Latil, 92 So.2d at 69. [emphasis in original]; Yelverton, supra, at 830.
In the instant case the trial failed to bring out new facts not raised in the motion to suppress hearings. Additionally, no new issues are raised in the appellate brief. Thus, we are precluded[2] from reconsideration *1265 of this issue. Butler, supra.
For the reasons stated, the motion to suppress was not erroneously denied. Accordingly, this assignment lacks merit.
ADMISSIBILITY OF PHOTOGRAPHS:
At trial the defendant objected to the state's introduction of photographs of the following: (1) money from the defendant's pocket, (2) a glove, (3) motors in the bed of the defendant's truck, (4) the burglarized trailer, (5) the defendant's truck and (6) the glove found in the cab of the truck. The basis for the objection was stated to the trial court as follows:
Your Honor, I would like to object to this under the best evidence rule. [R.S. 15:436, cited infra]. I don't feel that a person looking at these pictures is able to tell what it is without being told by the deputy. I think that the scene should be visited as part of this trial. And I do believe that the gloves should be produced. I don't think that mere pictures ofonly one glove and mere talk about matching gloves is sufficient. It would be easy enough to produce matching gloves in court.
On the other hand, the state argued that the pictures were admissible under L.S.A.-R.S. 15:436.1. The trial court overruled defendant's objection and allowed the photographs to be admitted.
L.S.A.-R.S. 15:436, the Best Evidence Rule, provides:
The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced.
L.S.A.-R.S. 15:436.1(A) provides:
A photograph of property alleged to be the object of a theft, otherwise admissible, may be admitted as evidence without regard to the availability of the property itself.
On appeal the defendant argues that the "photographs were of such poor quality that it was impossible to determine what the photographs depicted. The photographs were taken at night through semi-opaque plastic bags of articles not recognizable to the average person." Only one photograph, S-3, fits this description. It appears that the defendant is arguing against the admission of only this photograph as violative of the Best Evidence Rule. Nevertheless, the admissibility of all the photographs will be discussed.
The Best Evidence Rule is to be applied sensibly and within reason. State v. Gaskin, 412 So.2d 1007 (La.1982): Photographs are admissible in lieu of the actual, physical objects. State v. Bates, 397 So.2d 1331 (La.1981). However, if a defendant can show prejudice by this practice, then the photographs will be inadmissible. Gaskin, supra.
*1266 With regard to the photographs of the trailer and truck, a sensible application of the Best Evidence Rule supports a conclusion that the trial court did not err in overruling the defendant's objection to these photographs.
The trailer and the truck are too large and bulky to be admitted into the courtroom. Cf. State v. Dilworth, 358 So. 2d 1254 (La.1978): In addition, the defendant's truck was stolen a few days after his arrest and was therefore not available at the time of the trial. Cf. State v. Brown, 480 So.2d 948 (La.App. 2nd Cir.1985).
At trial, the defendant's counsel stated that the jury should visit the scene of the crime. However, the defendant did not make such a motion prior to trial. Even had such a motion been made, the trial court's failure to allow the visit when asked to do so does not constitute an abuse of discretion.
Parenthetically, we note that whether a jury is allowed to view the scene of a crime is within the discretion of the trial court and his determination will not be overturned absent abuse of that discretion. L.S.A.-C.Cr.P. art. 762(2); State v. Sweeney, 443 So.2d 522 (La.1983). There is no showing in this case of any compelling reason to support a determination that the jury should have visited the crime scene (the trailer). State v. Johnson, 438 So.2d 1221 (La.App. 3rd Cir.1983).
With regard to the photographs of the objects of the theft, we note that pursuant to L.S.A.-R.S. 15:436.1 photographs of alleged objects of theft, if otherwise admissible, may be admitted without regard to the availability of the property itself. State v. Bell, 404 So.2d 974 (La.1981); State v. Dominick, 506 So.2d 193 (La.App. 5th Cir.1987); State v. Lowe, 485 So.2d 99 (La.App. 2nd Cir.1986); writ denied, 488 So.2d 199 (La.1986).
Since the photographs of the change from the defendant's pocket and the white "beaded" glove are photographs which clearly depict the objects they represent, there is no prejudice to their admission into evidence.
Defendant stresses, however, that the photograph of the motors in the back of the defendant's truck is such that the average person could not recognize what was depicted. The state's witnesses testified that motors were in the back of the defendant's truck. If the jury took the objects for something other than motors, doubt was necessarily cast on the state's witnesses. Cf. Lowe, supra at 105 (La. App. 2nd Cir.1986) wherein the court stated:
Lowe claims that the state offered no proof of these objects' value, and that by introducing photos instead of the actual property, the state deprived the jury of the opportunity to assess the property's value. Lowe logically contends that if the jury find no value, it can find no theft and, consequently, no burglary. LSA-R.S. 14:62, 67. This argument, however, overlooks the meaning of the phrase `anything of value.' LSA-R.S. 14:2(2) provides in part:
(2) `Anything of value' must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal or incorporeal * * * It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with the traditional legal term `property.' * * *
In the broad, popular sense, purses, guns and groceries are things of value, and the value is apparent even in two-dimensional snapshots. Thus there is plainly evidence of value.
If, however, the jury took the pictures for less than the objects they represented, this prejudiced the state. Photos are not as graphic and real as physical evidence. The jury may have belittled the state's case as a result. Thus, we cannot agree with Lowe's claim of prejudice, and this assignment does not present reversible error.
Similarly, as in Lowe, supra, we find no prejudicial error relative to the admission of the motors' photograph.
*1267 With regard to the photograph of the gloves, we note that the gloves themselves were not objects of the theft and thus the picture does not fall within L.S.A.-R.S. 15:436.1. Likewise, they are not so bulky as to prevent their introduction into the courtroom. However, before the introduction of a photograph in lieu of the actual object will be deemed reversible error, it must be shown that the defendant was prejudiced by the admission of the photograph. In State v. Lee, 446 So.2d 334 (La.App. 4th Cir.1984) the defendant objected to a photograph of a crime scene, alleging that it distorted the amount of light present at the scene. The argument was found to be without merit.
The Lee court held at 338 that:
However, the appellant does not even attempt to prove that the photograph `clearly distorts' the lighting conditions. The only mention of such distortion in the entire transcript is by the defense attorney himself who was not present at the scene anytime near the time of the shooting. The appellant's mere allegation of the photographs' distortion of the lighting conditions is not a sufficient basis for this court to conclude that the trial court erred by admitting the photograph into evidence.
Here, not even the merest allegation of prejudice is made, either at trial or on appeal. The defendant's counsel at trial merely objects to the introduction of the photograph. Accordingly, there is no reversible error shown. State v. Bennett, 341 So.2d 847 (La.1976). Accordingly, this assignment lacks merit.
INSUFFICIENCY OF EVIDENCE:
In assessing the sufficiency of evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Williams, 490 So.2d 255 (La.1986).
The defendant in this case was convicted of simple burglary in violation of L.S.A.-R.S. 14:62 which provides in pertinent part that "Simple Burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein[.]"
In addition, when the evidence is circumstantial, assuming every fact proven which it tends to prove, it must exclude every reasonable hypothesis of innocence. L.S.A.-R.S. 15:438; State v. Edge, 504 So.2d 1169 (La.App. 5th Cir.1987), writ denied 507 So.2d 226 (La.1987). L.S.A.-R.S. 15:438 is not a separate test from the Jackson standard. State v. Captville, 448 So. 2d 676 (La.1984). "Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that defendant is guilty beyond a reasonable doubt. Due process requires no greater burden." State v. Garcia, 483 So. 2d 953, 956 (La.1986).
Thus, the State must prove that the defendant 1) entered without authority, 2) the trailer of Rex Painting and Blasting, Inc., and 3) with the intent to commit a felony or any theft therein. State v. Nelson, 487 So.2d 695 (La.App. 5th Cir.1986).
In this case, it is not proven if only one, two or all of the three men in the defendant's truck entered the trailer. Accordingly the defendant was evidently convicted pursuant to the principals' doctrine. Principals are "all person concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime." R.S. 14:24. Persons who aid or abet in the commission of the crime are guilty as principals even though they do not directly commit the act constituting the offense. State v. Gordon, 504 So.2d 1135 (La.App. 5th Cir.1987). However, in order to be convicted as a principal to a crime, the state must prove more than the defendant's mere presence at the crime scene. "An individual may only be convicted as a principal for those crimes for which he personally has the requisite mental *1268 state." State v. Holmes, 388 So.2d 722, 726 (La.1980); See also Gordon, supra.
In this case, the evidence shows that someone entered the trailer by breaking a window and then exited by breaking the dead bolt on the door. A spare tire, motors, and change were taken from inside the trailer. Three men, including the defendant, were in the cab of the defendant's truck, which was parked behind the trailer. When the men saw a police unit approach, they attempted to "duck" inside the cab so that they would not be seen. When the police officer approached the truck, they were feigning sleep, sweating and breathing heavily. The tire and motors were located in the bed of the defendant's truck; the change was located in the defendant's pocket. The mate to a glove in the cab of the defendant's truck was found inside the trailer. The supervisor of Rex Painting and Blasting, Inc. testified that no one had permission to enter the trailer on the night of the crime. A rational trier of fact could have excluded every reasonable hypothesis of innocence and concluded that one of the three men in the defendant's truck entered the trailer. The defendant's presence, combined with the fact that the articles taken from the trailer were found in the defendant's truck and in his pocket support a determination beyond a reasonable doubt that the defendant aided in the unauthorized entry of the trailer and/or the removal of property from the trailer.
In this case, the state must prove that the defendant had the specific intent to commit a theft when the trailer was entered. Theft is defined by L.S.A.-R.S. 14:67 as:
the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
As stated supra, the state proved that the defendant and his companions took something of value from the trailer without consent. The state also had to prove that the defendant had the specific intent to permanently deprive Rex Painting and Blasting, Inc.
We recently held in State v. Davis, 496 So.2d 1197, 1199 (La.App. 5th Cir.1986), sentence vacated, 503 So.2d 468 (La.1987) that:
Specific criminal intent exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10. Specific intent, being a state of mind, need not be proven as a fact; it may be inferred from the circumstances of the transaction. R.S. 15:445; State v. Fuller, 414 So.2d 306 (La.1982). Whether specific intent existed is an ultimate legal conclusion to be resolved by the fact finders. [Citations omitted].
The defendant in this case, assisted in breaking into the trailer and/or removing property from the trailer. The property was found in his truck and on his person. Upon a police unit's approach, he attempted to hide in the cab of his truck. When the officer walked up to the truck, the defendant pretended to be sleeping. A rational trier of fact could have excluded every reasonable hypothesis of innocence and found beyond a reasonable doubt that the defendant had the intent to permanently deprive Rex Painting and Blasting, Inc. of property.
This assignment lacks merit.
Finally, we have reviewed the record for errors patent and have found none.
Accordingly, for the reasons stated, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Deputy Jones testified that he was told that white gloves with "beads" were also taken.
[2] However, even assuming that we are not precluded from reconsideration of the issues raised in the denial of the motion to suppress, we find defendant's argument without merit.

A search conducted without a warrant is per se unreasonable unless it is justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Once a defendant makes a showing that a warrantless search occurred (as in the present case) the burden of proof shifts to the State to affirmatively show that the search is justified under one of the narrow exceptions to the rule requiring a search warrant. State v. Hernandez, 410 So.2d 1381 (La.1982).
It is argued that the exceptions used in this case 1) plain view and 2) exigent circumstances did not exist and the evidence was wrongfully seized.
In State v. Duperon, 448 So.2d 720, 723 (La. App. 5th Cir.1984), this Court discussed the plain view doctrine:
The plain view doctrine is an exception to the search warrant requirement in that when there is no intrusion into a protected area, there is no `search' for purposes of the Fourth and Fourteenth Amendments. The jurisprudence has designated three criteria which must be established before the viewing will be removed from the protections of the Fourth Amendment: (1) the prior valid intrusion into a protected area; (2) an inadvertent discovery of evidence; and (3) the evidence immediately recognizable as contraband or evidence. [citations omitted].
See also State v. Parker, 506 So.2d 675 (La.App. 5th Cir.1987).
In this case, the officers had reasonable cause to approach the defendant and his truck. The truck was inhabited by three men who were feigning sleep behind a trailer which had just been burglarized. The evidence was inadvertently discovered as it was in clear plastic bags sitting in the uncovered bed of the pickup truck. The glove was lying on the floor of the cab in plain view of the officer standing by the truck as the defendant was exiting. The supervisor of the business identified the evidence as having been stolen from the trailer.
However, the plain view doctrine, by itself, does not justify the warrantless seizure of the evidence.
Once the officer becomes aware of the contraband or evidence, he must ordinarily obtain a search warrant in order to seize it. Two requirements must be satisfied before a warrantless seizure of evidence within a movable vehicle is authorized under the automobile exception of the search warrant requirement: (1) there must be probable cause to believe the vehicle contains contraband or evidence of a crime; (2) there must be exigent circumstances requiring an immediate warrantless search. [citations omitted].
Duperon, supra at 723.
Probable cause existed as the officers could plainly see the items which were identified as stolen by the business supervisor. Likewise, exigent circumstances existed warranting seizure of the evidence.
`Exigent circumstances' have been defined as `the impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants, if not arrested or by someone else.' An immediate warrantless search is therefore, constitutionally permissible under the automobile exception when the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained. State v. Chaney, 423 So.2d 1092 (La.1982).
Parker, supra at 687.
Here the truck was movable and the evidence itself was lying in the open in the bed of the truck. Had the officers abandoned the truck, there would have been a significant possibility that the evidence would not have been seen again. Indeed, the truck was stolen after the police left the scene and prior to the time the defendant's family attempted to retrieve it.
The defendant also alleges that the time period of roughly one hour from the initial detention of the defendants until the identification of the evidence and the defendant's arrest was unreasonable. However, in State v. Borning, 477 So.2d 134 (La.App. 1st Cir.1985) cert denied, Borning v. Louisiana, 469 U.S. 847, 105 S.Ct. 161, 83 L.Ed.2d 98 (1984), writ denied, 481 So.2d 1330 (La.1986) reconsideration denied, 485 So. 2d 58 (La.1986); cert denied, Borning v. Louisiana, ___ U.S. ____, 107 S.Ct. 582, 93 L.Ed.2d 584 (1986), a forty-five minute detention was considered not unreasonable.
The defendant correctly points out that there is no provision in article 215.1 for holding a suspect while an investigation is made. However, the Louisiana Supreme Court held in White v. Morris, 345 So.2d 461 (La.1977), that the right to detain a suspect temporarily to verify the information received from the suspect or to obtain information independently of the suspect's cooperation is inherent in article 215.1. Furthermore, it is the circumstances of each case which determine the nature of the detention. State v. Fauria, 393 So.2d 688 (La.1981). In a recent U.S. Supreme Court case, the Court found that while the length of an investigatory stop is an important factor in determining the reasonableness of the stop, the courts must also consider the purposes to be served by the stop. Further, in reviewing the length of a detention, it is appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dipel their suspicions quickly. U.S. v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985).
Clearly, this case does not involve any delay unnecessary to the legitimate investigation of the law enforcement officers. Defendant presented no evidence that the officers were dilatory in their investigation. As soon as Sergeant King arrived on the scene, he placed a long distance call to the Chicago bank, explained the situation to them, contacted the correct bank officer, and had him investigate the suspicious check. Upon learning of the forgery, the suspects were immediately arrested.
We conclude that, given the circumstances facing them, the Baton Rouge City Police pursued their investigation in a diligent and reasonable manner.
477 So.2d 134 at 139.
In this case, the officers were informed that a burglary was in progress. They proceeded to the scene when they found the defendant and two other men pretending to be sleeping. They called the business supervisor, who came to the scene and identified the objects in the defendant's truck as stolen. The defendant was then arrested. The officers pursued their investigation in a diligent and reasonable manner. It does not appear that the one-hour period between detention and arrest involved any necessary delay.