CALOGERO, Justice,
dissenting.
For the following reasons, I respectfully dissent, finding merit to Assignment of Error Number Fifteen.
The crime for which the defendant was convicted occurred on April 24, 1980, with the defendant’s arrest taking place on July 21, 1980. On the next day, July 22, 1980, the victim of a similar unsolved crime which had occurred on June 11, 1980, selected the defendant’s picture from among five assembled by the arresting officer in the instant case, and defendant was arrested a second time. Then on August 5, 1980, Smith was arrested a third time for a similar offense which had occurred on May 28, 1980, in Livingston Parish. Of these later two arrests, apparently one ended in a mistrial and the other had not been tried before the defendant’s trial in the case before us. The record does not indicate that this defendant had been previously arrested for any crime before his arrest on July 21, 1980.
The trial was heatedly contested with serious suggestions about possible misiden-tification of the defendant by the victim. During the course of the trial, the jury learned that the defendant had been arrested for two other incidents of rape. That was information most damaging to the defendant. How the jury obtained that information prompts my finding merit in Assignment of Error Number Fifteen.
The defense put two character witnesses on the stand to testify to Bennie G. Smith’s good reputation in the community. On cross-examination, the prosecutor was allowed to question those two witnesses concerning the defendant’s post-incident arrests.
This matter of cross examining character witnesses about a defendant’s arrests or other rumors abounding in the community was resolved in State v. Johnson, 389 So.2d 372 (La.1980). That case, which was rendered on October 6, 1980, well before this case came to trial, set out guidelines to assist trial judges in determining whether the prosecutor has reasonable grounds for cross-examining the character witness about convictions, arrests or other misconduct of the accused. Adopting the New Jersey formula in Johnson, supra at 376, we listed five considerations about which the judge should satisfy himself during a preliminary inquiry held out of the presence of the jury:
1) that there is no question as to the fact of the subject matter of the rumor, that is, of the previous arrest, conviction, or other pertinent misconduct of the defendant;
2) that a reasonable likelihood exists that the previous arrest, conviction or other pertinent misconduct would have been bruited about the neighborhood or community prior to the alleged commission of the offense on trial;
3) that neither the event or conduct nor the rumor concerning it occurred at a time too remote from the present offense;
4) that the earlier event or misconduct and the rumor concerned the specific trait involved in the offense for which the accused is on trial; and
5) that the examination will be conducted in the proper form, that is: “Have you heard,” etc., not “Do you know,” etc. [citations omitted]
[Emphasis provided]
Then, if the trial judge should conclude that the cross-examination exploring the previous arrests, convictions or other pertinent misconduct is warranted under these guidelines, “... the jury should be informed of its exact purpose either at the conclusion thereof or in the charge. [Citations omitted]” Johnson, supra.
*207 In this case, the judge did not follow that procedure. Had he done so, there is a good chance that he would not have allowed the cross-examination, if for no other reason than because the pertinent time under the guidelines concerning the defendant’s reputation is prior to the alleged commission of the offense on trial. (See the second and fourth considerations above.) The arrests about which the witnesses were questioned took place on July twenty-second and August fifth for offenses happening in June and May respectively when the trial concerned an April event for which the defendant was arrested on July twenty-first.
Because the judge did not follow the guidelines of Johnson, and because defendant was not given the opportunity, to which he was entitled, of having the trial judge decide under those guidelines whether to allow the character witnesses to be quizzed about arrests (post-incident as it turned out), this defendant was seriously prejudiced.
The majority in this case- resolves the Johnson question by concluding that the defendant did not tender a contemporaneous objection concerning the trial judge’s failure to conduct such an inquiry.
It is true that neither defendant’s attorney nor the prosecutor cited Johnson. Defense counsel did, however, vigorously protest the extreme prejudice defendant would suffer if those arrests were called to the witnesses’ (and the jury’s) attention. In my view, defendant sufficiently complained to require a Johnson inquiry by the trial judge before he decided whether to allow the questioning about the arrests. It was for the trial judge to determine the proper law and apply it.
For these reasons, I find Assignment of Error Number Fifteen has merit.