DOMENGEAUX, Judge.
This criminal case was consolidated for appeal with the cases of State of Louisiana v. Joe M. Marien, 457 So.2d 899 (our Docket No. CR83-704) (La.App. 3rd Cir.1984); State of Louisiana v. Joe M. Marien, 457 So.2d 899 (our Docket No. CR83-705) (La.App. 3rd Cir.1984); State of Louisiana v. Joe M. Marien, 457 So.2d 899 (our Docket No. CR83-707) (La.App. 3rd Cir.1984); and State of Louisiana v. Joe M. Marien, 457 So.2d 900 (our Docket No. CR83-708) (La.App. 3rd Cir.1984). Four of the charges brought against defendant arise out of his arrest on October 7, 1982, and one of the charges stems from defendant’s arrest on November 1, 1980. As these five consolidated cases are before this Court on a patent error review, we will consider and discuss all patent issues in this opinion, but we will render a separate opinion in each of the consolidated cases.
The defendant, Joe M. Marien, was charged by Bill of Information on October 14, 1982, with various violations of hunting *897 regulations, to-wit: Possessing an untagged alligator skin, a violation of La.R.S. 56:262; four counts of hunting and shooting a deer with a firearm smaller than a .22 caliber centerfire, a violation of La.R.S. 56:124(1); hunting with a .22 caliber firearm and a 30-06 firearm later than one hour after official sunset and prior to one-half hour before official sunrise, a violation of La.R.S. 56:123 C; four counts of hunting and taking deer later than one hour after official sunset and prior to one-half hour before official sunrise, violations of La.R.S. 56:123 C; and four counts of hunting and taking a deer in closed season, in violation of La.R.S. 56:123 C.
On November 5, 1982, the defendant appeared in open court, entered pleas of not guilty and requested a trial by jury as to each case. On December 13, 1982, the defendant again appeared in open court, on this occasion assisted by counsel, and filed a motion to suppress evidence seized, which motion was denied, and then, after waiving formal arraignment, withdrew his former plea as to each case and each count. An agreement was reached by and between the district attorney and defendant whereby the multiple counts of violations of La. R.S. 56:124(1), hunting and shooting deer with a firearm smaller than a .22 caliber centerfire; La.R.S. 56:123 C, hunting and taking deer later than one-half hour after official sunset and prior to one-half hour before official sunrise; and La.R.S. 56:123 C, hunting and taking a deer in closed season, were reduced to a single count of a violation of each statute. The defendant entered a plea of guilty as to all counts against him, reserving however his right to appeal the constitutionality of the statute under which he was being charged and sentenced.
During the course of the hearings on December 13, 1982, the district attorney was allowed to make an oral amendment to the Bill of Information which charged defendant with hunting with a .22 caliber firearm and a 30-06 firearm later than one hour after official sunset and prior to one-half hour before official sunrise. The oral amendment and subsequent amended written Bill of Information charged the defendant with hunting “deer with a firearm, namely one .22 caliber Remington, after one hour after official sunset and before one-half hour before official sunrise.”
Prior to defendant’s guilty plea, the court conducted a complete Boykinization (see Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)) wherein the defendant was apprised of all possible penalties and sentences he might incur upon entering a plea of guilty to the crimes charged. The defendant was informed of his right to a trial by jury, his right to counsel, right against self-incrimination, right to confront witnesses, and that the State has the burden to prove its case beyond a reasonable doubt. Defendant pled guilty to all charges. The court was satisfied that the defendant was making a voluntary and intelligent waiver of all his rights and thus accepted defendant’s guilty pleas.
The defendant waived all delays for sentencing, but the court delayed sentencing and ordered a pre-sentence investigation.
On June 13, 1983, following a report of the results of the pre-sentencing investigation the court sentenced defendant on the various charges to which he pled guilty.
Defendant lodged this appeal by way of an oral motion for appeal at the sentencing hearing. Defendant, however, failed to submit written assignments of error nor did he submit briefs alleging any assignments of error. The Louisiana Code of Criminal Procedure Article 844 states in pertinent part that: “(t)hat party appealing shall designate in writing, those errors which are to be urged on appeal. This assignment of errors shall be filed within the time specified by the trial judge, but not later than five days prior to the return date.” Failure to comply with La.C.Cr.P. Art. 844 by not designating and not filing assigned errors with the trial court within the time prescribed precludes the defendant from raising those errors on appeal. State v. Zeno, 322 So.2d 136 (La.1975), and State v. Walker, 434 So.2d 1315 (La.App. *898 3rd Cir.1983). In addition, assignments of error which are not briefed are considered abandoned. State v. Carlisle, 315 So.2d 675 (La.1975), and State v. Dewey, 408 So.2d 1255 (La.1982).
As no assignments of error were perfected as required by La.C.Cr.P. Art. 844, this Court is limited to a review of the record for errors that are discoverable by a mere inspection of the pleadings and proceedings. C.Cr.P. Art. 920; State v. Walker, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Jackson, 332 So.2d 211 (La.1976); and State v. Gerald, 325 So.2d 574 (La.1976).
Accordingly, we have conducted a careful examination of the record before us pursuant to the provisions of La.C.Cr.P. Art. 920. Our review reveals that this prosecution was properly instituted by five Bills of Information, all in proper form, signed by the assistant district attorney for the Ninth Judicial District. On December 13, 1982, the State was allowed by the Court, upon proper motion to orally amend one of the five Bills of Information and the State did subsequently perfect a written amendment to the Bill of Information.
The court minutes reflect that defendant was accompanied by retained counsel when appearing before the court to waive arraignment, withdraw his plea of not guilty, and answering a plea of guilty as charged as to each and every count in the Bills of Information. The transcript also evidences that defendant was fully Boykinized, and that defendant was present at all stages of the proceedings through sentencing.
The defendant waived all delays for sentencing but was not sentenced until after a pre-sentence investigation was completed. A careful review of the record of this case discloses that in four of the five charges to which defendant pled guilty the sentences imposed fall within the statutory limits.
The record reflects that as to one count to which the defendant pled guilty the trial court erroneously imposed an illegally lenient sentence. Defendant was charged by way of an amended Bill of Information with a violation of La.R.S. 56:123 C in that he did “hunt deer with a firearm, namely one .22 caliber Remington, after one hour after official sunset and before one-half hour before official sunrise.” The transcript of defendant’s sentence hearing indicates that the trial judge imposed a sentence of $130.00 and $41.00 costs of court, in default thereof to serve thirty days in the parish jail. A violation of La.R.S. 56:123 C by the hunting or taking of deer after one-half hour after official sunset and before one-half hour before official sunrise constitutes a Class ■ 4 violation. La.R.S. 56:123 E(2). A Class 4 violation provides that for a first offense the fine shall be not less than $500.00 nor more than $750.00, or imprisonment for not more than 120 days or both. La.R.S. 56:34. It is quite apparent from the record that the sentence imposed by the trial court did not fall within the statutory limit.
However, due to the Supreme Court’s mandate in State v. Jackson, 452 So.2d 682 (La.1984), this Court is precluded from taking notice of the illegality of this sentence as an error patent on the face of the record. It is the Supreme Court’s opinion that in the situation where a defendant in a criminal case has appealed and the patent error review determines that an illegally lenient sentence has been imposed “that an appellate court under such circumstances should disregard sentencing errors favorable to the defendant unless the prosecution has raised the issue in the trial court and has sought appellate review.” State v. Jackson, supra.[1]
*899 For the aforementioned reasons, the conviction and sentence of defendant is hereby affirmed,
AFFIRMED.

. The author of this opinion disagrees with the rationale of State v. Jackson. It seems that such a rationale is in direct contravention of C.Cr.P. Art. 920. I cannot understand the reasoning of State v. Jackson. It gives a defendant-appellant an advantage to which he is not entitled constitutionally, statutorily, or jurisprudentially. Impartial justice in a criminal case should extend not only to the defendant but to the State as well.