504 So.2d 1163 (1987)
STATE of Louisiana
v.
Charlton D. BROWN.
No. 86-KA-628.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
*1164 John M. Mamoulides, Dist. Atty., Art Lentini, Asst. Dist. Atty., Office of the Dist. Atty., Gretna, for plaintiff-appellee.
William H. Slaughter, III, New Orleans, for defendant-appellant.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
Defendant, Charlton D. Brown, was charged with illegal carrying of a weapon by a convicted felon, LSA-R.S. 14:95.1 (having been previously convicted of attempted distribution of marijuana).
He appeared for trial with his attorney and withdrew his former plea of not guilty and tendered a plea of guilty as charged. Following a complete Boykinization, the court accepted the defendant's plea. Sentencing was set for a later date at which time the defendant was represented by a different attorney. At this time, defense counsel filed a Motion for New Trial and/or Recall of Plea and a Motion for Defendant's Prior Criminal Record. His argument for the motion was that the defendant was denied effective assistance of counsel and that his plea was not in his best interest or made free and voluntary. After hearing the arguments the court denied the motions.
Pursuant to the plea bargain agreement the trial judge sentenced the defendant to three years at hard labor without benefit of parole, probation or suspension of sentence.
Defendant now appeals and urges two assignments of error.
1. That the guilty plea was constitutionally infirm and constitutionally deficient.
2. That the defendant was denied effective counsel.

FACTS
Defendant was stopped for driving while intoxicated, and the arresting officer discovered a pistol in the vehicle. At the hearing on the Motion for New Trial, based on the claim of ineffective counsel, it was brought out that the gun belonged to defendant's wife. There was no proof of this, however, and defendant's wife was not in the car at the time he was stopped.

ASSIGNMENTS OF ERROR NOS. 1 & 2
These two assignments of error will be addressed together because it is the contention of appellant's counsel that the alleged ineffective assistance of counsel resulted in the guilty plea being constitutionally deficient. Thus, whether the plea was defective depends on whether defendant had effective counsel.
A two part motion (Motion for New Trial and/or Recall of Plea) was filed by defense counsel, prior to the sentencing of the defendant.
In his written Motion for New Trial and/or Recall of Plea, defendant sets forth the following reasons:
1) At the time the plea was made, it was not free and voluntary in that his then counsel stated "it's either three or ten years, take your choice."
2) Defendant was further not advised that he could have filed a motion to suppress the evidence.
3) Counsel failed to urge as a defense the fact that the weapon was lawfully in the vehicle because it was purchased by his wife.
Based on the above omissions by counsel, defendant claims his plea was not free and voluntary. A hearing on this dual motion was held. However, the hearing only dealt with the allegation that defendant was denied effective counsel because of counsel's failure to file a motion to suppress the evidence. There was no hearing on the other written allegations in the Motion for New Trial and/or Recall of Plea. The motions were subsequently denied and defendant *1165 was sentenced. After sentencing, defendant retained new counsel to handle his appeal.
In the appeal brief, defense counsel asserts that defendant was denied effective assistance of counsel, which resulted in a constitutionally infirm or deficient plea of guilty. He also discusses several reasons and arguments and even adds facts which are not in the record.
Allegations of ineffective assistance of counsel are more properly raised by an application for post-conviction relief, rather than by an assignment of error presented on the direct appeal of the case. This allows the district judge in a proper case to order a full evidentiary hearing on the matter. However, when the record disclosed evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, the court can address it in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982). "In addition, it is neither appropriate nor wise to place upon the appellate court the burden of acting as substitute counsel for the defendant, engaged in a desperate search for error of any kind; and we decline to accept such an obligation." State v. Green, 469 So.2d 1161, 1165 (La.App. 5th Cir.1985).
Some of the grounds in the appellant's brief were previously raised in the written Motion for New Trial and/or Recall of Plea. However, the only claim which was litigated was the claim of ineffectiveness due to failure to file a Motion to Suppress Evidence, which issue was not raised in defendant's brief.
On the record before us the defendant has not presented any evidence which supports that he was denied effective counsel.
These assignments as presented here are without merit.
We have further examined the record for errors patent and since the conviction was obtained by a plea of guilty, we reviewed the "Boykinization" of the defendant.
A review of the colloquy indicates that defendant was advised of his right to a trial by judge or jury, right to cross-examine any witnesses, right to call witnesses, and his privilege against self-incrimination. He was also informed that by pleading guilty he was waiving his right to appeal. The defendant indicated that he knowingly, intelligently, and voluntarily entered a plea of guilty with a realization of the consequences of such a plea. There is also contained in the record a waiver of rights form signed by defendant and his attorney. These facts show defendant was properly "Boykinized".
Further, as part of the plea agreement, the defendant was informed he would be sentenced to three years at hard labor without benefit of parole, probation, or suspension of sentence.
Accordingly, for the above stated reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.