EDMUND M. REGGIE, Judge Pro Tem.
On April 14, 1987, the defendant, Donald P. Gunter, pleaded guilty to two counts of simple burglary, violations of La.R.S. 14:62. On May 15, 1987, the defendant was sentenced to serve two concurrent twelve year terms at hard labor. Defendant now appeals contending that his sentence is excessive and that his counsel was ineffective.
FACTS:
Defendant was charged by bill of information with three counts of theft and two counts of burglary. Defendant pleaded guilty to two counts of burglary pursuant to a plea bargain agreement wherein the three theft charges were dropped and defendant was not billed as a habitual offender. Defendant received two concurrent twelve year sentences for his burglary convictions.
ASSIGNMENT OF ERROR NUMBER 1:
By this assignment of error the defendant contends that the two concurrent twelve year sentences he received, after pleading guilty to two counts of simple burglary, are excessive. Specifically, the defendant argues that the trial judge did not consider any mitigating factors in imposing sentence.
The trial judge is required to state for the record both the considerations he has taken into account and the factual basis for imposition of sentence. La.C.Cr.P. Art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982). Articulation of the reasons for sentence under Art. 894.1 is especially important in cases where the maximum sentence is imposed. State v. Brockett, 471 So.2d 867 (La.App. 2 Cir.1985).
The trial court does not have to state every aggravating and mitigating factor but the record must reflect that the statutory guidelines in Art. 894.1 were adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. *596 Richardson, 438 So.2d 1315 (La.App. 3 Cir.1983).
Important elements which should be considered include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981).
In the case at bar the defendant received the maximum sentence based on his prior criminal record. While the trial judge stated that he considered the “limited pre-sen-tence report,” this report does not appear in the record so we are unable to tell if there were significant mitigating factors which were not considered. Since the trial judge considered only defendant’s conviction record in passing sentence, it appears that he failed to comply with Art. 894.1.
Failure to comply with Art. 894.1 does not automatically render a sentence invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982). In Wimberly, supra at 672, the court stated:
“In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge’s failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for re-sentencing on an adequate record, including strict compliance with Article 894.1.”
As long as the record clearly reflects an adequate basis for the sentence imposed, remand is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982).
A sentence is unconstitutionally excessive if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. Art. 1, § 20 of the La.Const. of 1974; State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Bonanno, 384 So.2d 355 (La.1980).
Defendant received two concurrent twelve year sentences for his crimes. While these sentences are within the statutorily mandated range for punishment even a sentence within legislatively permissible limits may be reviewed for excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979).
In the case at bar the defendant benefited greatly from entering a plea bargain agreement. Pursuant to defendant’s guilty plea, three theft charges were dismissed and the defendant was not billed as a habitual offender. Outstanding burglary and theft charges against defendant in other parishes were also not going to be prosecuted. In imposing sentence a court can consider that the defendant benefited from being permitted to plea bargain. Lanclos, supra. Defendant also has prior convictions dating back to 1978.
Considering the defendant's prior convictions, the fact he was allowed to enter into a favorable plea bargain and the fact that defendant is unable to cite any specific mitigating factor which was overlooked in his sentencing proceeding, we conclude that the record adequately supports the sentence imposed.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER 2:
By this assignment of error defendant contends that he was denied effective assistance of counsel. Defendant contends that, had his attorney been competent, he would not have allowed him to plead guilty, in the dark, to charges without knowing in advance the sentence he would receive.
An ineffective assistance of counsel claim is properly raised by a writ for post conviction relief. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, supra. The Supreme Court has held, however, that where the record discloses the evidence necessary to decide the issue of ineffective assistance of counsel, and when the issue is raised by assignment of error on appeal, *597 the issue will be considered in the interest of judicial economy. State v. Truitt, 500 So.2d 355 (La.1987); State v. Seiss, supra; State v. Brown, 504 So.2d 1163 (La.App. 5 Cir.1987).
Effective assistance of counsel has been defined to mean not errorless counsel and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. State v. Seiss, supra; State v. Ratcliff, supra.
In the case of State v. Berry, 430 So.2d 1005 (La.1983), the Louisiana Supreme Court established a test for the analysis of claims of ineffective assistance of counsel. Adopting the two-pronged inquiry set forth in McQueen v. Swenson, 498 F.2d 207 (8th Cir.1974), the court established the first inquiry to be whether counsel violated some duty to the client. The second inquiry is whether the violation, if any, prejudiced the client in the defense of his case.
The United States Supreme Court has also recently addressed the issue of ineffective assistance of counsel in the case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984), in which the court stated in part:
“No particular set of detailed rules for counsel’s conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions.”
In the case at hand the defendant has failed to show that his attorney violated any duty owed to him. Defendant contends that his attorney committed unprofessional errors by allowing him to plead guilty without knowing the sentence he would receive. Defense counsel negotiated a very favorable plea bargain wherein three theft charges were dismissed and defendant was not billed as a habitual offender. Defense counsel also arranged to have outstanding charges against the defendant in other parishes dropped. Defense counsel’s negotiated plea significantly lessened defendant’s sentencing exposure.
Further, defendant was fully informed by the trial judge and defense counsel concerning possible sentences prior to pleading guilty. Defendant was aware of the maximum possible sentence and the fact that he could receive consecutive sentences.
Defense counsel worked out a favorable plea bargain agreement for the defendant. The fact that defense counsel was unable to discover or extract a commitment on the specific sentence defendant was to receive prior to pleading guilty does not constitute ineffective assistance of counsel. The defendant has failed to satisfy the first prong of the Berry test. Defense counsel did not breach any duty owed the defendant.
This assignment of error lacks merit.
For the reasons assigned, defendant’s sentence and conviction are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.