GUIDRY, Judge.
On April 14, 1987, deféndant, Anthony Broussard, was charged by bill of information with the crime of armed robbery, a violation of La.R.S. 14:64. On July 2,1987, a jury of twelve unanimously found the defendant guilty as charged. On January 6,1988, his motions for arrest of judgment and for new trial were denied. The defendant waived sentencing delays and was sentenced to 75 years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction urging that:
1. The trial court erred in finding the defendant guilty of armed robbery, in that, viewing the evidence in a light most favorable to the State, a rational trier of fact could not have found beyond a reasonable doubt that defendant was guilty of armed robbery.
2. The trial court erred in imposing an excessive sentence.
3. The trial court erred, in that, the jury placed undue weight on the testimony of Carlton Noel, as he was not a credible witness.
4. Errors patent on the face of the record.
Further, in brief, appellant argues that he "... was provided ineffective assistance of counsel at the trial court level within the meaning of the 6th Amendment of the United States Constitution and Article 1 *746 Section 13 of the Louisiana State Constitution of 1974”. ■
FACTS
Between 8:00 and 8:30 a.m. on February 28, 1987, Lois Joseph, the cashier of the Shop-Rite convenience store in St. Martin-ville, was robbed by a man who she claimed was carrying a sawed-off shotgun. She identified the robber as the defendant, Anthony M. Broussard.
Ms. Joseph testified that her attention was first directed toward the defendant when his car came screeching up to the gas pumps outside the Shop-Rite. Before exiting his car, defendant was observed by Ms. Joseph wrapping something in a sack or pillow case. The cashier placed no great significance on this action as a washateria was located next door to the Shop-Rite and she assumed appellant was bundling up clothes. Broussard exited his vehicle and proceeded to the Shop-Rite while holding his “bundle” next to his left leg. Upon entering the store, he proceeded directly to the counter and asked Ms. Joseph for some change. After opening the cash register to comply with defendant’s request, she looked up into the barrel of a sawed-off shotgun. Defendant ordered her to step back, grabbed some money out of the cash register and fled. Subsequently, defendant was identified as the perpetrator by Ms. Joseph three separate times, at a photographic line-up, at a physical line-up and at trial.
Broussard was also placed at the scene of the crime by his brother-in-law, Carlton Noel. Noel had seen Broussard approximately one hour earlier outside of a convenience store in Breaux Bridge. Noel testified that as he and Broussard stood talking in the convenience store parking lot in Breaux Bridge, he (Noel) noticed a sawed-off shotgun on the back seat of Brous-sard’s car. He questioned the defendant about why he had a gun. According to Noel, defendant told him that he (Brous-sard) was about to “pull a job”. Noel testified that he counseled Broussard against such action, gave him some money and suggested that he return to his family. At that point, both men departed. Noel, along with his girlfriend, proceeded to St. Martinville where they stopped at the was-hateria next to the Shop-Rite. Noel remained in his car, drinking a beer, while his girlfriend went into the laundromat. About that time, Noel observed his brother-in-law, Broussard, drive up to the gas pumps at the Shop-Rite. Noel stated that as Broussard exited his car and headed toward the Shop-Rite, he (Noel) turned his head so that Broussard would not see him and possibly ask for more money. The witness stated that he could not tell if the defendant was armed. Noel identified Broussard as the robber after the crime took place.
Two weeks later, while incarcerated in the St. Martin Parish Jail, the defendant, admitted to a fellow inmate, Jack Landry, that he had robbed the Shop-Rite, but he claimed that he was unarmed at the time of the robbery.
ASSIGNMENTS OF ERROR NOS. 1 AND 3
By these assignments, the defendant argues that, in viewing the evidence in a light most favorable to the State, a rational trier of fact could not have found the defendant guilty of armed robbery beyond a reasonable doubt. The defendant also argues that the jury placed undue weight on the testimony of Carlton Noel, who defendant claims was not a credible witness.
Noel’s testimony was uncontradicted and corroborated by the testimonies of Lois Joseph, Mary Thibodeaux, Carlton Noel’s girlfriend, and Ezebe Chevalier, a Breaux Bridge police officer who had observed Noel and Broussard conversing earlier that morning. Although Noel stated that he did not see the defendant enter or leave the Shop-Rite with a shotgun, he testified that defendant was in possession of such a weapon within an hour of the crime. Further, Ms. Joseph’s testimony was unequivocal that defendant pointed a sawed-off shotgun at her while he robbed her.
In State v. Tassin, 472 So.2d 340 (La.App. 3rd Cir.1985), writ denied, 477 So.2d *747 97 (La.1985), a panel of this court, addressing similar assignments of error, stated:
“When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Duncan, 420 So.2d 1105 (La.1982). It is the role of the fact finder to weigh the respective credibilities of the witnesses. The appellate court should not second guess the credibility determinations of the trier of fact beyond the application of the sufficiency evaluations allowed under the Jackson standard of review. See State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983).”
Similarly, in State v. Porter, 454 So.2d 220 (La.App. 3rd Cir.1984), writ denied, 457 So.2d 17 (La.1984), certiorari denied, 469 U.S. 1220, 105 S.Ct. 1205, 84 L.Ed.2d 347 (1985), when the credibility of a witness was attacked on appeal, the court commented:
“The defendants argue in brief that the testimony of Sandy Whitehead, who first noticed the house filled with gas fumes and the red hot stove and oven, is false and should not be accepted as evidence against the defendants. This contention is based on several allegations purporting to affect Sandy’s credibility. To this argument we note the following language by our Supreme Court in State v. Trosclair, 443 So.2d 1098 (La.1983):

‘The defendant claims, however, that a guilty verdict could not properly be founded upon the testimony of these witnesses as their credibility was destroyed. But it is not our function to assess credibility or reweigh the evidence. Our review for minimal constitutional sufficiency of evidence is a limited one which ends upon our finding that the rational trier-reasonable doubt standard has been satisfied. ’

Also, see State v. Wright, 410 So.2d 1092 (La.1982), and State v. Klar, 400 So.2d 610 (La.1981). We may not, therefore, find incredible the testimony of a witness, which was obviously found credible by the appropriate factfinder.”
The jury found the testimony of Noel credible. However, even if his testimony were excluded, there was sufficient evidence from which a rational trier of fact could find the defendant guilty of armed robbery beyond a reasonable doubt. We find these assignments of error without merit.
ASSIGNMENT OF ERROR NO. 2
The defendant argues that the sentence imposed is excessive. Further, he argues that the sentence constitutes cruel and unusual punishment within the meaning of Article 1, Section 20 of the Louisiana Constitution, and the Eighth Amendment of the United States Constitution.
The trial court ordered a pre-sentence investigation. In sentencing the defendant, the trial judge pointed out that the pre-sentence investigation report reflected numerous arrests and convictions since. 1970. The trial court indicated that the defendant had already been convicted of two felonies, one for attempted armed robbery and another one for illegal use of a weapon. The court stated the following considerations in sentencing the defendant:
“In your adult life, you have had numerous offenses — you’ve committed numerous offenses. Your criminal record does not speak well for your — for your background. I have — the pre-sentence investigation indicates the persons who were spoken to, including the assistant district attorney and the sheriff and the chief of police, all have recommended that this Court sentence you to the maximum sentence provided for by law at hard labor. Your probation officer states that you do not meet the requirements for intensive incarceration supervision because ‘... he is classified as a third offender and the assaultive nature of his crime. The Division of Probation and Parole does not recommend him for the program ...’. And it further says in summary, ‘... this offender is a thirty-five (35) year-old *748 third offender who was found guilty of armed robbery. This offender seemingly has developed a pattern of criminal activity, particularly for crimes of robbery and armed robbery. Should this offender be allowed to remain at liberty in a free society, we feel that it is only a matter of time before he seriously hurts or kills someone. This Department recommends that this offender be given the maximum sentence at hard labor without benefit of probation or parole. We feel that any lesser sentence would deprecate the seriousness of the offense ... ’.
This Court concurs in the recommendations of the sentence to you. Your prior criminal activities indicate that you have an anti-social behavior, that you are prone to commit crimes of violence, and that, in all likelihood, if you were to be released, you would continue to commit crimes of violence, and you are a menace to society.
Accordingly, pursuant to the verdict of the trial jury and R.S. 14:64, it is the sentence of this Court that you, Anthony Broussard, be imprisoned at hard labor under the supervision of the Department of Corrections of the State of Louisiana for a period of seventy-five (75) years. The sentence is to be without benefit of parole, probation or suspension of sentence. The accused is to be given credit for all time spent in jail awaiting disposition of this sentence.”
The legal principles applicable to the appellate review of sentences are well established and require neither articulation nor explanation. Suffice it to say that the record in this case confirms the trial judge’s meticulous compliance with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and fails to reflect any basis for a finding that the trial judge abused his sentencing discretion. We find no merit in this assignment of error.
ASSIGNMENT OF ERROR NO. 4
The defendant has requested a review of the record for errors patent.
"... L.S.A.-C.Cr.P. Art. 920 provides ‘[t]he following matters and no others shall be considered on appeal; (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.’
For the purpose of an error patent review, the 'record' in a criminal case includes the caption, the time and place of holding court, the indictment or information and its endorsement, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Lewis, 473 So.2d 357 (La.App. 5th Cir.1985).”
State v. Brooks, 496 So.2d 1208 (La.App. 5th Cir.1986).
Our review of thfe record indicates no errors patent.
Finally, in his brief to this court, defendant argues that he was denied effective assistance of counsel. This allegation of error was not designated in the assignments of error filed in the trial court and is not properly before this court. La.C.Cr.P. art. 920; State v. Marien, 457 So.2d 895 (La.App. 3rd Cir.1984); State v. Banks, 503 So.2d 529 (La.App. 3rd Cir.1987), writ granted, 503 So.2d 1007 (La.1987), case remanded for resentencing in full compliance with La.C.Cr.P. art. 894.1, otherwise denied.
It is well settled that allegations of ineffective assistance of counsel are more properly raised by an application for post-conviction relief, thereby allowing the trial judge an opportunity to order a full eviden-tiary hearing on the matter. State v. Brown, 504 So.2d 1163 (La.App. 5th Cir.1987); State v. Boyd, 503 So.2d 747 (La.App. 3rd Cir.1987). In this case, defendant’s argument in support of his claim of ineffective assistance of counsel concerns matters clearly outside of the record.
*749 For these reasons, we will not consider this allegation of error but reserve to defendant the right to raise this issue in an application for post-conviction relief.
Accordingly, for the reasons stated, the conviction and sentence of the defendant are affirmed.
AFFIRMED.