610 So.2d 268 (1992)
STATE of Louisiana
v.
Kenneth ZENO.
No. 92-KA-615.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1992.
*269 Sylvia T. Steib, Becnel, Landry & Becnel, Reserve, for defendant-appellant.
Carol Runnels Welch, Asst. Dist. Atty., Laplace, for plaintiff-appellee.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
GAUDIN, Judge.
Kenneth Zeno was convicted by a jury in the 40th Judicial District Court of distribution of cocaine, LSA-RS. 40:967(A), and sentenced to seven years at hard labor, suspended on condition that he serve two years in parish prison. On appeal, he assigns these district court errors:
(1) the trial judge erred when she denied a Motion for Mistrial based on LSA-C.Cr.P. art. 770,
(2) the jury erred in returning a guilty verdict contrary to the law and evidence, and
(3) the trial judge also erred when she denied a Motion for Post Verdict Judgment of Acquittal or, in the alternative, a Motion for a New Trial,
Zeno also asks that this Court review the record for errors patent. For the following reasons, we affirm Zeno's conviction but make adjustments to the sentence.
Zeno was arrested for the May 3, 1990 sale of crack cocaine to an undercover police officer in St. John the Baptist Parish.

ASSIGNMENT NO. 1
In this assignment of error, Zeno argues that in closing arguments the prosecuting attorney referred to race and economic status in violation of C.Cr.P. art. 770, which reads:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
"(3) The failure of the defendant to testify in his own defense; or
"(4) The refusal of the judge to direct a verdict.
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
The complained-of remarks of the prosecuting attorney are as follows:
"... I want you to disregard any thought at all about rich versus poor, it's not about that. All of us are potential victims of drug use and abuse. Drug use and abuse does not discriminate on the basis of race or income or where you live or what you have ..."
*270 The trial judge did not believe that these words were either inflammatory or prejudicial and neither do we. Before a guilty verdict is overturned on appeal, the reviewing court must be convinced that the remarks influenced the jury and/or contributed to the verdict. See State v. Smith, 520 So.2d 1305 (La.App. 5 Cir.1988).
Zeno relies on State v. Wilson, 404 So.2d 968 (La.1981), appeal after remand, 441 So.2d 357 (La.App. 5 Cir.1983). In Wilson, the assistant district attorney made repeated direct and indirect prejudicial references to race, very much unlike the relatively indistinct statement made by Zeno's prosecutor.

ASSIGNMENTS 2 AND 3
In these assignments of error, appellant contends that he was not properly identified and that he was in New Orleans and not in St. John the Baptist Parish when the crime was committed. In evaluating the sufficiency of evidence, we are guided by standards enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988); and State v. DiLosa, 529 So.2d 14 (La.App. 5 Cir.1988), writs denied at 538 So.2d 1010 (La.1989). Here, the jury, viewing the evidence most favorable to the state, could have found Zeno guilty beyond a reasonable doubt.
The most damaging testimony, from Zeno's standpoint, was provided by detective Sheldon Cannon, who conducted the undercover drug transaction. Cannon knew Zeno prior to May 3, 1990 and positively identified him.
Zeno presented an alibi defense, to no avail. Now, he asks us to accept as true his testimony and that of his witnesses and to refute the prosecution's witnesses and evidence. Credibility of witnesses, however, is not reweighed on appeal. See State v. Matthews, 450 So.2d 644 (La.1984). It is within a jury's sound discretion to accept or reject in whole or part the testimony of any witness. See State v. Agnelly, 515 So.2d 821 (La.App. 5 Cir.1987).
These assignments of error lack merit.

ERRORS PATENT
We found two errors patent. Zeno was placed on probation, according to the transcript, for five years. The minute entry indicates that the probationary period was set at from three to five years. When there is a discrepancy between the sentencing transcript and a minute entry, the transcript prevails.
Also, we note that Zeno was ordered to pay, as conditions of probation, various unspecified sums of money. All items not specifically set are hereby vacated. The court and not a probation officer should determine sums to be paid as conditions of probation.
CONVICTION AFFIRMED, SENTENCE AMENDED.