665 So.2d 558 (1995)
STATE of Louisiana
v.
Lance BOVIE.
No. 95-KA-474.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 1995.
*559 Dwight Doskey, New Orleans, for Defendant/Appellant Lance Bovie.
Anthony Falterman, Covent, for State/Appellee State of Louisiana.
Before BOWES, DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Lance Bovie, appeals his conviction by a jury of distribution of cocaine, a violation of La.R.S. 40:967 A. Defendant was subsequently sentenced, as a second felony offender, to 180 months (15 years) at hard labor, with credit for time served. We affirm the conviction and sentence, but remand for notification under La.C.Cr.P. 930.8 C.
On February 18, 1993, Darryl Hayes, a St. James Parish auxiliary deputy, was working as an undercover narcotics agent. Around 5:45 p.m., he was driving in his personal automobile when he picked up a unknown hitchhiker. Hayes asked this man if he knew where he could buy narcotics and the man directed him to the parking lot of Edith's lounge. There, the hitchhiker suggested that Hayes go to a Lincoln Continental in the parking lot. The hitchhiker stated that "Lance had some drugs."
Hayes approached the vehicle, leaned into the driver's window and said "Hey, Lance." The man responded and Hayes spoke with him about buying drugs. The man retrieved a white rock substance from a matchbox and gave it to Hayes in exchange for $20. Hayes then returned to his car and dropped off the hitchhiker. He saw the drug seller's vehicle leave the parking lot. Hayes followed the drug seller's car for a short distance until he obtained the license number. After making other drug buys that evening, he met with Detective Mike Kahl. Hayes gave the detective the suspected crack cocaine and told him the details of the drug transaction, along with the description and first name of the drug seller.
Kahl spoke with Detective Larry Mayho and learned that he knew a person named Lance Bovie, who drove a black Lincoln. Approximately one week later, Kahl showed Hayes a photographic lineup of six different black males, including a picture of defendant. Hayes positively identified the photo of defendant as the person who sold him the crack cocaine. Defendant was subsequently arrested.
*560 At trial, defendant's only witness, Allen Johnson, testified that defendant was on a trip to California with him in February 1993, on the date of the offense. The witness claimed that from eight to ten days, he and defendant traveled by car to California to visit relatives. Johnson testified that while they were in California, their car broke down and was repaired. He produced a receipt from the A-OK Auto Repair shop, for work done on the vehicle. On rebuttal, Agent Henry Richardson of the Drug Enforcement Agency testified that, as part of a narcotics investigation, he discovered that A-OK Auto Repair closed in November of 1992.
On appeal, defendant asserts that there was insufficient evidence for a rational jury to believe that he was identified beyond a reasonable doubt. Defendant points to inconsistencies in the state's identification. First, Hayes wrote in his report that the drug seller was thirty-five to forty years old, but defendant is in his mid-fifties. Second, Hayes wrote the name "Lance" and the description of a black male thirty-five to forty-four years old, at the same time he claimed to have written down the license plate number of the car. Yet, he could not explain why the license plate number is written in a different color ink. Third, defendant asserts that the name "Lance Bovie" was obtained days or weeks after the sale. Fourth, defendant contends that the evidence suggests that the police reports were backdated. He asserts that Hayes did not know the last name when he made his report on the date of the buy, yet the report shows defendant's last name. In addition, Kahl claimed the his report was written on February 19, 1993, yet in the body of the report, the narrative describes events that happened six weeks later. Finally, defendant asserts that the identification is suspect because the photos allegedly showed to Hayes were not dated, the police did not remember when the photos were shown and the police did not remember who was present when they were shown. The photo identified by Hayes was not signed, Hayes did not initial the fill-in photos and no report was made detailing the identification. The only thing that Hayes did was to write the date "2-18-93" next to defendant's photo. However, everyone agreed that the line-up could not have happened on that date because the police did not even have defendant's last name at that time. Although defendant recognizes that the question of insufficient identification is not whether a different result might have been reached, he asserts that the only rational result that the jury could have reached was that the sheriff's office misidentified defendant as the seller.
The standard for reviewing the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305, 1308-1309 (La.1988); State v. DiLosa, 529 So.2d 14, 21 (La.App. 5th Cir.1988), writ den., 538 So.2d 1010 (La.1989); State v. Zeno, 610 So.2d 268, 270 (La.App. 5th Cir. 1992). However, the state must prove the identity of the perpetrator in proving the elements of the offense. When the key issue in the case is identification, the state is required to negate any reasonable probability of misidentification in order to carry its burden. State v. Thomas, 604 So.2d 52, 57 (La.App. 5th Cir.1992); State v. Junior, 542 So.2d 23, 25 (La.App. 5th Cir.1989); writ den., 546 So.2d 1212 (La.1989).
In this case, the testimony established that Hayes saw the drug seller face to face for two or three minutes during the drug transaction. When Hayes approached the seller, the seller answered to the name "Lance", the same name as defendant. Another sheriff's detective knew that defendant drove the same kind of vehicle described by Hayes and the auto repair slip produced by the alibi witness included a description of the same vehicle. In addition, there was testimony contradicting the alibi evidence. Despite the discrepancies noted by defendant, we find that there is sufficient evidence to negate the probability of misidentification.
The identity of the man who sold Hayes the cocaine is a factual matter, about which there is conflicting testimony. Given the alibi defense, defendant is actually raising the issue of credibility of the witnesses, *561 rather than sufficiency of the evidence. In this respect, the jury apparently gave more credence to the testimony of Hayes than to the alibi witness or defendant. Where there is conflicting testimony as to factual matters, the question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Agnelly, 515 So.2d 821, 824 (La.App. 5th Cir.1987). The credibility of witnesses will not be reweighed on appeal. State v. Zeno, 610 So.2d at 270. Thus, we find that the state proved the identification of defendant as the perpetrator beyond a reasonable doubt.
We have reviewed the record for error patent, pursuant to La.C.Cr.P. art. 920[1] and find that the trial judge failed to inform defendant of the prescriptive period for postconviction relief, as required by La.C.Cr.P. art. 930.8 C. In accordance with our policy, we remand the case to the trial court with the direction that the trial judge send written notice to defendant of the provisions of La. C.Cr.P. art. 930.8 C, within ten days of the rendition of this opinion, and file written proof in the record of these proceedings that defendant received the notice. See: State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
Accordingly, the conviction and sentence of defendant is hereby affirmed.
AFFIRMED.
NOTES
[1] The article provides: "The following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."